**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 111679

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Nancy Farrell, individually and on behalf of all others similarly situated,<br><br>                      Plaintiff,<br><br>                      vs.<br><br>Van Ru Credit Corporation,<br><br>                      Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Nancy Farrell, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Van Ru Credit Corporation (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Nancy Farrell is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Van Ru Credit Corporation, is an Illinois Corporation with a principal place of business in Cook County, Illinois.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Defendant alleges Plaintiff owes a debt ("the Debt").

11. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

13. Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated June 13, 2016. (**"Exhibit 1."**)

15. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

## FIRST COUNT
### Violation of 15 U.S.C. § 1692e

16. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

17. The Debt was incurred on a Discover Bank credit card.

18. The Letter sets forth a "Current Balance Due."

19. Pursuant to the terms and conditions of the credit card, Discover Bank charged Plaintiff interest on any balance carried on the account.

20. Pursuant to the terms and conditions of the credit card, Discover Bank charged Plaintiff late fees on any payments due but not timely made by Plaintiff.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

21. Pursuant to the terms and conditions of the credit card, Discover Bank charged Plaintiff other fees on the account.

22. The right to collect from Plaintiff interest on any balance carried on the account was not waived by Discover Bank.

23. The right to collect from Plaintiff late fees on any payments due but not timely made by Plaintiff was not waived by Discover Bank.

24. The right to collect from Plaintiff other fees on the account was not waived by Discover Bank.

25. The right to collect from Plaintiff interest on any balance carried on the account was not waived by any assignee or successor-in-interest.

26. The right to collect from Plaintiff late fees on any payments due but not timely made by Plaintiff was not waived by any assignee or successor-in-interest.

27. The right to collect from Plaintiff other fees on the account was not waived by any assignee or successor-in-interest.

28. Plaintiff was never informed by anyone that the terms and conditions of the credit card were changed.

29. Pursuant to the terms and conditions of the credit card, interest continued to accrue on any balance unpaid.

30. Pursuant to the terms and conditions of the credit card, late fees continued to accrue on any payments due but not timely made by Plaintiff.

31. Pursuant to the terms and conditions of the credit card, other fees continued to accrue on the account.

32. Pursuant to the terms and conditions of the credit card, Discover Bank and any assignee or successor-in-interest had the legal right to collect from Plaintiff interest on any balance carried on the account.

33. Pursuant to the terms and conditions of the credit card, Discover Bank and any assignee or successor-in-interest had the legal right to collect from Plaintiff late fees on any payments due but not timely made by Plaintiff.

34. Pursuant to the terms and conditions of the credit card, Discover Bank and any assignee or successor-in-interest had the legal right to collect from Plaintiff other fees on the account.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

35. Pursuant to the terms and conditions of the credit card, the legal right of Discover Bank and any assignee or successor-in-interest to collect from Plaintiff interest on any balance carried on the account is not waived by Discover Bank or any assignee or successor-in-interest as a result of a failure by either Discover Bank or any assignee or successor-in-interest at any point in time to attempt to collect from Plaintiff the aforementioned interest.

36. Pursuant to the terms and conditions of the credit card, the legal right of Discover Bank and any assignee or successor-in-interest to collect from Plaintiff late fees on any payments due but not timely made by Plaintiff is not waived by Discover Bank or any assignee or successor-in-interest as a result of a failure by either Discover Bank or any assignee or successor-in-interest at any point in time to attempt to collect from Plaintiff the aforementioned late fees.

37. Pursuant to the terms and conditions of the credit card, the legal right of Discover Bank and any assignee or successor-in-interest to collect from Plaintiff other fees on the account is not waived by Discover Bank or any assignee or successor-in-interest as a result of a failure by either Discover Bank or any assignee or successor-in-interest at any point in time to attempt to collect from Plaintiff the aforementioned other fees.

38. 15 U.S.C. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees.

39. The Letter failed to disclose that the balance stated may increase due to interest.

40. The Letter failed to disclose that the balance stated may increase due to late fees.

41. The Letter failed to disclose that the balance stated may increase due to other fees.

42. The Letter, because of the aforementioned failures, violates 15 U.S.C. § 1692e.

## SECOND COUNT
## Violation of 15 U.S.C. § 1692e

43. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

44. As previously set forth, the Letter sets forth a "Discover Bank."

45. As previously set forth, Plaintiff was always charged interest on any balance carried on the account.

46. As previously set forth, Plaintiff was always charged late fees on any payments due but not timely made by Plaintiff.

47. As previously set forth, Plaintiff was never informed by anyone that the terms and

conditions of the credit card were changed.

48. The Letter fails to disclose whether the amount stated may increase due to additional interest.

49. The Letter fails to disclose whether the amount stated may increase due to additional late fees.

50. The Letter fails to indicate whether the creditor will accept payment of the amount stated in full satisfaction of the debt if payment is made by a specified date.

51. The Letter fails to indicate the minimum amount Plaintiff owed at the time of the Letter.

52. The Letter fails to provide information that would allow the least sophisticated consumer to determine the minimum amount he or she owes at the time of the Letter.

53. The Letter fails to provide information that would allow Plaintiff to determine what Plaintiff will need to pay to resolve the debt at any given moment in the future.

54. The Letter fails to provide information that would allow the least sophisticated consumer to determine what he or she will need to pay to resolve the debt at any given moment in the future.

55. The Letter fails to provide information that would allow the least sophisticated consumer to determine the amount of interest owed.

56. For instance, the Letter fails to indicate the applicable interest rate.

57. For instance, the Letter fails to indicate the date of accrual of interest.

58. For instance, the Letter fails to indicate the amount of interest during any measurable period.

59. The Letter fails to provide information that would allow the least sophisticated consumer to determine the amount of late fees owed.

60. For instance, the Letter fails to indicate the amount of late fees.

61. For instance, the Letter fails to indicate the date such fees will be added.

62. For instance, the Letter fails to indicate the amount of late fees during any measurable period.

63. The Letter fails to contain an explanation, understandable by the least sophisticated consumer, of any fees and interest that may cause the amount stated to increase.

64. The Letter fails to state whether interest, late fees and/or other fees are accruing.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

5

65. The Letter fails to state what part of the amount stated is attributable to principal.

66. The Letter fails to state what part of the amount stated is attributable to interest.

67. The Letter fails to state what part of the amount stated is attributable to late fees.

68. The Letter fails to state what part of the amount stated is attributable to other fees.

69. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the minimum amount owed at the time of the Letter.

70. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine what she will need to pay to resolve the debt at any given moment in the future.

71. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

72. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of her debt because the consumer would not know whether interest and fees would continue to accrue, or whether the amount of the debt was static.

73. The Letter includes a settlement offer.

74. The Letter fails to indicate whether the amount stated may increase due to additional interest if the settlement is not accepted.

75. The Letter fails to indicate whether the amount stated may increase due to additional late fees if the settlement is not accepted.

76. A collection letter violates 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

77. The Letter, because of the aforementioned failures, and because interest and late fees were always charged on the account and Plaintiff was never informed by anyone that interest and late fees would no longer be applied, and especially because of the use of the word "Current," can reasonably be read by the least sophisticated consumer to mean that interest was still accruing.

78. The Letter, because of the aforementioned failures, and because interest and late fees were always charged on the account and Plaintiff was never informed by anyone that interest and late fees would no longer be applied, and especially because of the use of the word "Current," can reasonably be read by the least sophisticated consumer to mean that late fees were still

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

6

accruing.

79. The Letter could also reasonably be read by the least sophisticated consumer to mean that interest was no longer accruing.

80. The Letter could also reasonably be read by the least sophisticated consumer to mean that late fees were no longer accruing.

81. The Letter could reasonably be read by the least sophisticated consumer to mean that the debt could be satisfied in full by payment of the amount stated.

82. The Letter could reasonably be read by the least sophisticated consumer to mean that the debt could be satisfied in full by payment of the amount stated at any time after receipt of the Letter.

83. The Letter could also reasonably be read by the least sophisticated consumer to mean that the amount stated was accurate only on the date of the Letter because of the continued accumulation of interest and/or late fees.

84. The Letter could reasonably be read by the least sophisticated consumer to mean that interest and/or late fees would continue to accrue on the debt if the settlement offer was not accepted.

85. The Letter could also reasonably be read by the least sophisticated consumer to mean that interest and/or late fees would not re-commence on the debt if the settlement offer was not accepted.

86. Because the least sophisticated consumer would not know whether, if the settlement was not accepted, interest and fees would re-commence or whether the amount of the debt was static, the consumer's ability to respond to the settlement offer is negatively affected.

87. Because the least sophisticated consumer would not know whether, if the settlement was not accepted, interest and fees would re-commence or whether the amount of the debt was static, the consumer would be unable to determine the actual value of Defendant's settlement offer.

88. Because the Letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive under 15 U.S.C. § 1692e.

89. For these reasons, Defendant violated 15 U.S.C. § 1692e.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## THIRD COUNT
## Violation of 15 U.S.C. § 1692e

90. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

91. Alternatively, even if Plaintiff's account was not subject to continued interest pursuant to the terms and conditions of the credit card – which it was – the account was subject to interest by operation of law.

92. Plaintiff's debt was incurred pursuant to a contract between Plaintiff and Discover Bank.

93. N.Y.C.P.L.R. § 5001(a) provides that interest shall be recovered upon a sum awarded because of a breach a contract.

94. An award of interest under § 5001 is mandatory.

95. N.Y.C.P.L.R. § 5001(b) provides that interest shall be computed from the earliest ascertainable date the cause of action existed.

96. Discover Bank and any assignee or successor-in-interest possessed a guaranteed right to interest on the Debt from, at the latest, June 13, 2016.

97. As such, the amount stated in the Letter was subject to the accrual of interest.

98. The Letter failed to disclose that the amount stated may increase due to interest.

99. The Letter, because of the aforementioned failure, violates 15 U.S.C. § 1692e.

## CLASS ALLEGATIONS

100. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt incurred on a Discover Bank credit card, where, as here, the terms and conditions of the credit card provide for continued interest and late fees, from one year before the date of this Complaint to the present.

101. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

102. Defendant regularly engages in debt collection.

103. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts incurred on a Discover Bank credit card, where, as here, the terms and conditions of the credit card provide for continued interest and late fees.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

104. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

105. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

106. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

107. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a. Certify this action as a class action; and

    b. Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

    c. Find that Defendant's actions violate the FDCPA; and

    d. Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

  e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

  f. Grant Plaintiff's costs; together with

  g. Such other relief that the Court determines is just and proper.

DATED: June 12, 2017

      **BARSHAY SANDERS, PLLC**

      By: _/s/ *Craig B. Sanders*_
      Craig B. Sanders, Esq.
      100 Garden City Plaza, Suite 500
      Garden City, New York 11530
      Tel: (516) 203-7600
      Fax: (516) 706-5055
      csanders@barshaysanders.com
      *Attorneys for Plaintiff*
      Our File No.: 111679